# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3611
Lower Tribunal No. 22-CF-016187

_____

ALBERT LOPEZ AVALOS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Thomas S. Reese and Nicholas Thompson Judges.

August 29, 2025

NARDELLA, J.

Albert Avalos challenges his conviction for the Sale or Delivery of Cocaine. He argues his sentence, which was imposed in accordance with section 775.084, Florida Statutes, is unconstitutional under the United States Supreme Court's recent decision in *Erlinger v. United States*, 602 U.S. 821 (2024). We affirm without deciding *Erlinger*'s impact, if any, on section 775.084 because, even assuming *Erlinger* applies, any error in this case is harmless.

The error raised on appeal by Avalos is subject to a harmless error analysis. *See Flournoy v. State*, 50 Fla. L. Weekly D1438, D1438 (Fla. 2d DCA July 2, 2025) ("Florida courts have recognized that the types of errors addressed in *Apprendi*,

*Blakely*, and *Alleyne*, are subject to harmless error review. It follows then that *Erlinger* errors are also subject to harmless error." (internal citations omitted)); *Ashford v. State*, 407 So. 3d 537, 537 (Fla. 5th DCA 2025) ("While we do not reach the merits of his arguments as to *Erlinger*'s impact, if any, upon existing Florida Statutes and caselaw, even if, *arguendo*, any error occurred here, such an error would be harmless."); *see also Alonso v. State*, 50 Fla. L. Weekly D1484, D1484 (Fla. 2d DCA July 9, 2025) (concluding that any error in judge determining defendant met statutory requirements to be designated as a prison releasee reoffender and a habitual felony offender is harmless based on record before the court); *Capra v. State*, 403 So. 3d 1063, 1063 (Fla. 5th DCA 2025) (rejecting argument that *Erlinger* renders habitual violent felony offender sentence unconstitutional because even if applicable any error was harmless).

A harmless error analysis in this context looks to "whether the record demonstrates beyond a reasonable doubt that a rational jury" would have found the requisite facts. *Galindez v. State*, 955 So. 2d 517, 523 (Fla. 2007). At sentencing, the State adduced evidence establishing that Avalos qualified as a habitual felony offender. Avalos did not, and does not, challenge the sufficiency or the weight of the evidence adduced by the State, or otherwise allege any prejudice. From our review, the record demonstrates beyond a reasonable doubt that a rational jury would have found the requisite facts for imposing a habitual felony offender designation and that, therefore, any error is harmless. *See id.*; *see also Torres v. State*, 410 So. 3d

2

653, 654 (Fla. 5th DCA 2025) (Makar, J. concurring) ("For *Erlinger* to apply, Torres was required to allege prejudice and that the error is not harmless.").

AFFIRMED.

STARGEL and BROWNLEE, JJ., concur.


Blair Allen, Public Defender, and Andrea M. Norgard, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, and Cynthia Richards, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED